**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4430**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAMUEL HOGANS, a/k/a Richard Hogans, a/k/a Lex, a/k/a Abdullah,

Defendant - Appellant.

**No. 19-4431**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAMUEL HOGANS, a/k/a Richard Hogans, a/k/a Lex, a/k/a Abdullah,

Defendant - Appellant.

Appeals from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:18-cr-00054-GMG-RWT-1; 3:17-cr-00085-GMG-RWT-1)

Submitted: May 28, 2020                    Decided: July 14, 2020

Before WILKINSON, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Barry P. Beck, POWER, BECK & MATZUREFF, Martinsburg, West Virginia, for Appellant. William J. Powell, United States Attorney, Wheeling, West Virginia, Jeffrey A. Finucane, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Samuel Hogans pled guilty to aiding and abetting the distribution of heroin, in violation of 18 U.S.C. § 2 (2018) and 21 U.S.C. § 841(a)(1), (b)(1)(C) (2018). Separately, a jury convicted Hogans of possessing contraband in prison, in violation of 18 U.S.C. § 1791(a)(2), (b)(3), (d)(1)(B) (2018). The district court imposed concurrent sentences of 151 months' and 60 months' imprisonment respectively. Hogans' sole claim on appeal is that the district court violated his constitutional rights when it denied his motion to represent himself.

We review de novo the district court's denial of Hogans' motion for self-representation. *United States v. Bush*, 404 F.3d 263, 270 (4th Cir. 2005). We review the district court's relevant findings of fact for clear error. *Id.*

"The Sixth Amendment guarantees to a criminal defendant the right to the assistance of counsel before he can be convicted and punished by a term of imprisonment." *United States v. Ductan*, 800 F.3d 642, 648 (4th Cir. 2015). But "it is equally clear that the Sixth Amendment also protects a defendant's affirmative right to self-representation." *Id.* The right to self-representation "is mutually exclusive of the right to counsel guaranteed by the Sixth Amendment," *Bush*, 404 F.3d at 270, and we have "noted the thin line between improperly allowing the defendant to proceed pro se, thereby violating his right to counsel, and improperly having the defendant proceed with counsel, thereby violating his right to self-representation," *Ductan*, 800 F.3d at 649 (internal quotation marks omitted). We have "consistently held that as between counsel and self-representation, counsel is the 'default position' unless and until a defendant explicitly asserts his desire to proceed pro se." *Id.* at

3

650. Thus, "in ambiguous situations created by a defendant's vacillation or manipulation, we must ascribe a constitutional primacy to the right to counsel." *Bush*, 404 F.3d at 271 (brackets and internal quotation marks omitted).

A defendant "may waive the right to counsel and proceed at trial pro se only if the waiver is (1) clear and unequivocal, (2) knowing, intelligent, and voluntary, and (3) timely." *United States v. Bernard*, 708 F.3d 583, 588 (4th Cir. 2013). The requirement of a clear and unequivocal waiver protects a defendant from "an inadvertent waiver of the right to counsel by a defendant's occasional musings." *Bush*, 404 F.3d at 271. "[A] district court must find that the defendant's background, appreciation of the charges against him and their potential penalties, and understanding of the advantages and disadvantages of self-representation support the conclusion that his waiver of counsel is knowing and intelligent." *Ductan*, 800 F.3d at 649. Ultimately, "the defendant should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Bush*, 404 F.3d at 270 (alteration and internal quotation marks omitted).

We have found that the "right to self-representation is not absolute, and 'the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer.'" *United States v. Frazier-El*, 204 F.3d 553, 559 (4th Cir. 2000) (quoting *Martinez v. Court of Appeals of Ca.*, 528 U.S. 152, 162 (2000)). The right does not exist "to be used as a tactic for delay, for disruption, for distortion of the system, or for manipulation of the trial process." *Id.* at 560 (internal citations omitted). "Because of the legal preeminence of the right to representation by

4

counsel and the need to maintain judicial order," a defendant's "right to self-representation can be waived" by his failure to assert it timely. *United States v. Singleton*, 107 F.3d 1091, 1096 (4th Cir. 1997) (internal quotation marks omitted). A request for self-representation "generally must be asserted before meaningful trial proceedings have begun. Thereafter, a defendant's request for self-representation is a matter submitted to the sound discretion of the trial court." *United States v. Hilton*, 701 F.3d 959, 965 (4th Cir. 2012) (citation and internal quotation marks omitted).

On appeal, Hogans contends that his assertion of his right to self-representation satisfied all the requirements of *Bernard*. However, we find that Hogans' request to represent himself was neither clear and unequivocal nor timely under the circumstances. *See Bush*, 404 F.3d at 271. Furthermore, we conclude that the district court did not clearly err in finding that Hogans' request for self-representation was intended to delay and obstruct the administration of justice. Accordingly, we affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*